Harold BUNCH, Appellant,

v.

B. R. ALLISON, Commissioner of the Department of Conservation, State of Tennessee; Gary Myers, Acting Executive Director of the Wildlife Resources Agency, State of Tennessee, and Eugene W. Fowinkle, M. D., Commissioner of Public Health, State of Tennessee, Appellees.

Supreme Court of Tennessee.

March 31, 1980.

Walter L. Fuller, Jr., Oak Ridge, William A. Young, Knoxville, for appellant.

William M. Leech, Jr., Atty. Gen., Claudius C. Smith, Asst. Atty. Gen., William B. Hubbard, Deputy Atty. Gen., Nashville, for appellees.

OPINION

FONES, Justice.

This case involves alleged violations of the Tennessee Surface Mining Law, T.C.A.

§§ 58–1540 to 1564 and the Tennessee Water Quality Control Act of 1971, T.C.A. §§ 70–324 to 342.

Defendants Earl Cook, Fred Cook, and Harold Bunch were found to have engaged in unpermitted surface mining of coal in Morgan County. The chancellor permanently enjoined defendants from surface mining without a valid permit and assessed civil fines against each of the defendants. Only defendant Harold Bunch has appealed the judgment of the chancery court.

This appeal is direct to this Court pursuant to T.C.A. §§ 58–1561(c) and 70–339(c), and the judgment is presumed to be correct unless the evidence preponderates against it. Appellant asserts that the chancellor did not have jurisdiction to render a civil fine under the Tennessee Surface Mining Law, that no evidence exists of any violation by appellant; and that no evidence supports the amount of the fine imposed by the chancellor.

The complaint was brought in the name of the Commissioners of Conservation and Public Health and the Acting Executive Director of the Tennessee Wildlife Resources Agency by the Attorney General. Complainants sought both an injunction to enforce cease orders issued to defendants by the Commissioner of Conservation and civil penalties.

Appellant complains that this action was not brought in strict compliance with the section of the Tennessee Surface Mining Law that authorizes the imposition of civil penalties. First, appellant says this action was not brought by the Attorney General in the name of the State of Tennessee; and second that only the circuit court has jurisdiction to assess the civil penalty.

These issues were neither pled nor raised at the trial of this case.

■ The Tennessee surface mining act imposes a duty upon District Attorneys General or the State Attorney General to bring an action to enjoin violations and to recover penalties, upon the request of the Commissioner of Conservation. T.C.A. § 58–1560(b). The act expressly authorizes the Commissioner of Conservation to institute proceedings in the Chancery Court for injunctive relief. T.C.A. § 58–1561. This action was brought by the State Attorney General's office in the name of the Commissioner of Conservation for injunctive relief and civil penalties. If appellant desired to question the Commissioner's authority to bring the action for civil penalties in the name of the State of Tennessee, he should have pled and raised that issue at trial, where parties may be added at any stage, without dismissal. Rule 21, Tennessee Rules of Civil Procedure.

■ It is true that T.C.A. § 58–1560 provides that the civil penalties are recoverable in an action brought in the name of the State by the Attorney General in the Davidson County Circuit Court or in the circuit court having jurisdiction of the defendant. In a series of acts over the years the Legislature has conferred upon the chancery court concurrent jurisdiction with the circuit court of all civil actions except for unliquidated damages for injuries to person or character, or property not resulting from a breach of contract. By its latest enactment, chapter 294, Public Acts of 1977, the Legislature has sanctioned the trial of those excepted cases, when brought in the chancery court unless objection is made by a plea to the jurisdiction. T.C.A. § 16–602. Appellant will not be heard to complain in this Court, for the first time, of misjoinder or nonjoinder of parties or of the jurisdiction of the chancery court.

■ Appellant further asserts that he is not subject to a civil fine under T.C.A. § 58–1560(a) and that no material evidence exists to support the fine assessed by the chancellor. Appellant claims he engaged Earl Cook to "face up" a portion of his property for the purpose of opening a deep mine. He admits that some strip mining occurred, but he asserts that this operation was not within the scope of the surface mining law. We do not agree. T.C.A. § 58–1541(a) defines "surface mining" as:

"[A]ll or any part of the process followed in the production of minerals from a natural mineral deposit by the open pit or

**816**

open cut method, auger method, highwall mining method which requires a new cut or removal of overburden, or any other mining process in which the strata or overburden is removed or displaced in order to recover the mineral; or in which the surface soil is disturbed or removed for the purpose of determining the location, quality or quantity of a natural mineral deposit."

Appellant's intention to open a deep mine is irrelevant. It is clear from the record that defendants mined coal without a permit using a process by which overburden was removed to expose the coal.

Appellant maintains he is not subject to fine under T.C.A. § 58–1560(a) because he did not participate in any of the mining activities. This assertion is without merit. T.C.A. § 58–1541(g) defines "operator" as:

"[A]ny person, partnership or corporation engaged in surface mining who removes or intends to remove more than two hundred fifty (250) tons of any mineral other than coal from the earth by surface mining within twelve (12) successive calendar months; or who removes or intends to remove more than twenty-five (25) tons of coal from the earth by surface mining within twelve (12) successive calendar months; or who removes overburden for the purpose of determining the location, quality or quantity of any natural mineral deposit."

Appellant's activities qualify him as an operator under this definition. He hired Earl Cook to engage in surface mining on his property. He intended to remove coal from his property and admits that at least three hundred tons were removed and stored at his tipple.

From our review of the entire record we conclude that the evidence clearly supports the judgment of the chancellor and that the fine was properly assessed against appellant Harold Bunch.

The judgment of the Chancery Court of Morgan County is affirmed. Costs are adjudged against appellant.

BROCK, C. J., and COOPER, HENRY and HARBISON, JJ., concur.